## WILLIAM PARROT'S DEVISEES *v.* THOMAS J. PARROT'S EX'X.

**Contracts—Mental Capacity of Party to Contract.**

Even in a case of absolute imbecility when there was entire good faith and the contract was just and proper and for the benefit of the imbecile a court of equity will not interfere to annul it.

### APPEAL FROM WASHINGTON CIRCUIT COURT.

#### April 21, 1876.

OPINION BY JUDGE LINDSAY:

It is not pretended that Thomas J. Parrot procured the execution of the contract of February 1, 1868, by fraud or undue influence. The witnesses relied on by appellants show that the sums agreed to be paid him were not unreasonable, much less uncertainties. They show also that Thomas J. Parrot honestly and faithfully complied with his undertaking, and that the services rendered were not only beneficial to his father and mother, but were absolutely necessary for their comfort and security.

The proof shows that the mental faculties of William Parrot were much impaired by age, but he was not an imbecile at the time of the execution of this contract; and appellant's witnesses prove that he understood its terms and was anxious that it should be entered into. Under all these circumstances, the chancellor ought to enforce the agreement according to its terms.

Even in a case of absolute imbecility, when there was entire good faith, and the contract was just and proper, and was for the benefit of the unfortunaate party, a court of equity will not interfere to annul it; and in a case like this, where the party was not entirely destitute of mind, but understood and assented to the terms of a fair and proper contract, after advising with his neighbors and relations, and after it had been acted upon by the other party, and has resulted in manifest benefit to the persons supposed to be incapable of contracting, equity will enforce rather than annul the agreement. *Jones, Adm'r., v. Perkins,* 5 B. Mon. 222.

The judgment in this case is *affirmed.*

*W. H. Hays, for appellants.   Brown & Lewis, for appellee.*